# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| MARIA PYUL BROWN, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> GREAT CIRCLE, ET AL., <br><br> Defendants. | Case No. 2:19-cv-04135-NKL |

## ORDER

Defendant Melissa Detmer moves to dismiss Plaintiffs' Second Amended Complaint for failure to state a claim pursuant to Rule 12(b)(6). Doc. 53. Plaintiffs' complaint alleges eight counts, including seven counts against Detmer for Conspiracy, Tortious Interference with Parental Relationship, Negligent Infliction of Emotional Distress, Defamation, Malicious Prosecution, and Violation of Substantive and Procedural Due Process Rights under 42 U.S.C. § 1983. Doc. 50. Plaintiffs' claims arise out of an alleged conspiracy between the Defendants to interfere with the parental relationship between Maria Brown and her son, P.A.T., a minor. For the reasons set forth below, the motion to dismiss is GRANTED.

## I.     Alleged Facts

Plaintiffs state that Defendant Melissa Detmer is Defendant Joshua Turner's sister, an employee of Defendant Great Circle, and a former employee of the Missouri Department of Social Services, Children's Division. Doc. 50 (Second Amended Complaint), at ¶¶ 5, 27. Plaintiffs allege that Detmer both individually and in her professional capacity conspired against Plaintiffs to interfere with Plaintiffs' parental relationship, *Id.*, at ¶ 67.a., and to do so, Detmer used her current and former contacts to influence the Children's Division's investigations surrounding Plaintiff

P.A.T. and to paint Plaintiff Maria Brown in a negative light. *Id.*, at ¶¶ 26, 32, 85. Plaintiffs assert that Detmer and Tuner's goal were to "cover up Defendant Turner's nefarious conduct, destroy his son's mother . . . and thereby save money on litigation and child support." *Id.*, at ¶ 51.

Plaintiffs' complaint specifically asserted that "[a]ny and/or all of the Turner-Detmer family have . . . knowingly and/or unknowingly acted with reckless regard for Plaintiffs' rights, making false reports, manipulating the legal system (both judicial and administrative process, and related entities), and inter alia acting with malice toward Plaintiff Brown." *Id.*, at ¶ 26. These allegations include assertions that Detmer, "in her capacity as an employee of Defendant Great Circle, has interfered with the parental relationship between Plaintiff Maria Brown and her child," *Id.*, at ¶ 31; that Detmer has "interfered with reports by Children's Division Worker, Defendant Latoya Gatewood and Dr. John Wilson of CoMO Cubs Pediatrics," *Id.*, at ¶ 33; that "the actions of Defendants Turner and Detmer (helped by Defendant Johnston Paint's resources) directly interfered with Court ordered custody and Plaintiffs' Constitutional Rights to a parent-child relationship," *Id.*, at 44.e.; and that "Defendants Turner and/or Detmer worked in coordination with and/or leveraged, threatened, and intimidated Defendant Gatewood into conducting the investigation and making findings consistent with what Defendants Turner and Detmer wanted in the results." *Id.*, at ¶ 38.f.; *see also id.*, at ¶¶ 60.b., d., 66.

Plaintiffs additionally alleged that Detmer may have been involved in covering-up information potentially relevant to the Children's Division's investigation, *Id.*, at ¶ 40; may have filed false hotline reports, *Id.*, at ¶ 44.d.; and attempted to change a physician diagnosis of anxiety to remove the child's medication, *Id.*, at ¶ 52. Further, Plaintiffs also alleged that "Defendants Melissa Detmer and Joshua Turner instituted one or more legal proceeding(s) against Plaintiff in which complaints were made, by Defendant without probable cause and with malice." *Id.*, at ¶ 84.

The complaint added to the list of allegations, stating that "Defendant Johnston Paint in coordination, and/or by and through Defendants Turner and Detmer used their professional capacity and connections to create a conflict of interest by obtaining personal services of law enforcement whom willing colluded with Defendant Johnston Paint to circumvent the custody court order for their employee, Defendant Joshua Turner." *Id.*, at ¶ 46.

As evidence of their allegations, Plaintiffs allege that hundreds of text messages illustrate that Detmer interfered with Plaintiffs' parental rights, that she coached Defendant Turner how to address the Children's Division, and that she covered-up her alleged interference with the investigations. *Id.*, at ¶¶ 31, 37, 38.a., 40.

## II. Standard

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim has facial plausibility when its allegations rise above the "speculative" or "conceivable," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007), and where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Such a complaint will be liberally construed in the light most favorable to the plaintiff. *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

## III. Discussion

### A. Count I – Conspiracy

Defendant Detmer argues that Plaintiffs have only stated legal conclusions and have therefore not sufficiently pleaded the elements required to prove a claim of conspiracy. In order to state a claim for civil conspiracy under Missouri law a plaintiff must plead that there were "(1) two or more persons, (2) an object to be accomplished, (3) a meeting of the minds on the object or course of action, (4) one or more unlawful overt acts, and (5) resulting damages." *Aguilar v. PNC Bank, N.A.*, 853 F.3d 390, 402–03 (8th Cir. 2017) (citing *Mackey v. Mackey*, 914 S.W.2d 48, 50 (Mo. Ct. App. 1996)).

Plaintiffs' pleadings assert that there were multiple individuals working towards the joint goal of interfering with Social Services investigations to affect the custody determinations which resulted in the claimed harm to Brown's parental relationship with her child. What is not alleged in the pleadings other than through conclusory legal statements, however, is what actions Detmer actually took and whether any of those actions were done in furtherance of a conspiracy. To show that a meeting of the minds occurred, Plaintiffs must show that the alleged conspirators had "a unity of purpose or a common design and understanding." *Rosemann v. St. Louis Bank*, 858 F.3d 488, 500 (8th Cir. 2017) (citation omitted). Though Plaintiffs allege that Detmer may have colluded with the Defendants for a common goal, Plaintiffs did not specifically plead that there was coordination between the Defendants, nor are there facts that would show there was coordination between these parties.

Even if Plaintiffs were to succeed in establishing that there was a meeting of the minds, Plaintiffs have not asserted facts which could support a finding that the underlying alleged actions taken by Detmer were unlawful. Plaintiffs complaint offered only conclusory statements as to the unlawfulness of the actions allegedly committed by Detmer as part of the conspiracy. These claimed actions include Detmer's interference with Social Services' investigation, her interference

4

with Plaintiffs' parental relationship, and use of her professional capacity and connections to obtain information regarding the Social Service's investigation to relay to Defendant Turner, but in each instance there were no allegations as to what specific actions Detmer took and why those actions were unlawful. *See* Doc. 50, at ¶¶ 31, 32, 60.d. Without any specific facts stating what actions Detmer took, there is insufficient basis to infer that Detmer took any unlawful action.

Plaintiffs also separately allege that "Defendant Johnston Paint in coordination, and/or by and through Defendants Turner and Detmer used their professional capacity and connections to create a conflict of interest by obtaining personal services of law enforcement whom willing colluded with Defendant Johnston Paint to circumvent the custody court order for [Defendant Turner]." Doc. 50, at ¶ 46. Here as above, Plaintiffs have not provided specific facts that show that the Defendants were aware of each other's actions and acted in coordination. Plaintiffs' pleadings do not state how the alleged creation of a "conflict of interest" rises to the level of being an unlawful act, nor do they state what this conflict was and how it relates to this case. The allegations of collusion with law enforcement would relate to a potential separate conspiracy between Johnston Paint and those providing the law enforcement services, a claim that Plaintiffs have not argued and which is separate from the claims against Detmer. The pleadings' conclusory statement that Johnston Paint may have colluded with law enforcement to "circumvent the custody court order" does not state what activity was taken, how this action circumvented the court order, whether that activity was unlawful in any way, and whether Detmer was aware of this alleged collusion.

Having not pleaded the facts necessary to plead that Detmer was aware of the conspiracy to interfere with Plaintiffs' parental relationship, Plaintiff cannot prove a claim of conspiracy. This claim must therefore be dismissed.

### B. Count II – Tortious Interference with Parental Relationship

Defendant Detmer argues that a claim of tortious interference with parental relationship fails in a case such as this where the claimed interference was not accomplished by the abduction of the child.

Plaintiffs rely on *Kramer v. Leineweber*, 642 S.W.2d 364 (Mo. App. S.D. 1982) to assert this claim against Detmer for her alleged involvement in a conspiracy that resulted in interference of the parental relationship between Brown and her child.[1] But in *Meikle v. Van Biber*, the court expressly limited *Kramer*, and held that "Missouri case law has only allowed recovery in damages for interference with a parent's right to custody of a minor child where it was alleged and proved that the tort committed was accomplished by abduction of the child." *Meikle v. Van Biber*, 745 S.W.2d 714, 715 (Mo. App. W.D. 1987). Plaintiffs supported their claim using only case law consistent with this limitation. See *Kramer v. Leineweber*, 642 S.W.2d 364 (Mo. App. S.D. 1982) (involving abduction of a child); *Kipper v. Vokolek*, 546 S.W.2d 521 (Mo. App. 1977) (applying the cause of action only where a child has been abducted or induced not to return to the custodial parent); *Rosefield v. Rosefield*, 221 Cal. App.2d 431 (Cal. App. 1963) (involving abduction); *Brown v. Brown*, 61 N.W.2d 656 (Mich. 1953) (same).

As above, Plaintiffs have not specifically pleaded facts to support that Detmer interfered with Plaintiffs' parental relationship either directly or through a conspiracy. But even if such

---

1. Plaintiffs cite as additional support Restatement (Second) of Torts § 700. Reliance on this is also inapt as § 700 defines a cause of action for "[o]ne who, with knowledge that the parent does not consent, abducts or otherwise compels or induces a minor child to leave a parent legally entitled to its custody or not to return to the parent after it has been left him, is subject to liability to the parent." Restatement (Second) of Torts § 700. As above, Plaintiffs have not pleaded such a claim.

interference were established, Plaintiffs have asserted that Brown has been limited in her parental relationship due to an allegedly inappropriate custody order, not through the abduction or physical removal of the child. Having not alleged specifics facts necessary to plead a plausible claim of tortious interference with parental relationship, this claim must be dismissed.

### C. Count III – Negligent Infliction of Emotional Distress

Defendant Detmer argues that Plaintiffs have not sufficiently pleaded the elements required to prove a claim of negligent infliction of emotional distress. Under Missouri law, to state a claim for intentional infliction of emotional distress a plaintiff must plead (1) a legal duty of the defendant to protect the plaintiff from injury, (2) a breach of that duty, (3) proximate cause, (4) injury to plaintiff, (5) that the defendant "should have realized that his conduct involved an unreasonable risk of causing distress," and (6) that "the emotional distress or mental injury must be medically diagnosable and must be of sufficient severity so as to be medically significant." *Couzens v. Donohue*, 854 F.3d 508, 518 (8th Cir. 2017) (quoting *Thornburg v. Fed. Express Corp.*, 62 S.W.3d 421, 427 (Mo. Ct. App. 2001)).

Plaintiffs allege generally that they suffered emotional distress and emotional hardship as a result of the Defendants' actions. Plaintiffs, however, have not specifically identified what the actions taken by Defendant Detmer were, nor have they provided support showing that those actions caused distress to Plaintiffs. Instead, the complaint includes only vague language that does not attribute responsibility to any particular defendant. *See e.g.*, Doc. 50, ¶ 71.c. (alleging that Plaintiffs endured "[c]onsistent and/or repeated harassment and/or angry and/or hostile conduct by one or more of the Defendants . . . .").

Even if presumed that Detmer was responsible for some conduct that resulted in Plaintiffs' emotional distress, this claim could not succeed because Plaintiffs did not plead that Defendant

7

owed a duty to Plaintiff. The complaint asserts that Detmer should have known that their actions were likely to breach "duties of civility, fairness, human nature . . . and/or fiduciary duties." Doc. 50, ¶ 71.e. Plaintiffs have not provided any factual basis or legal argument supporting the claim that Detmer owed Plaintiffs a legally cognizable duty. Indeed, Plaintiffs did not oppose these issues in their response to Defendant's motion. Plaintiffs have offered only conclusory statements to support their broad assertion that at least one of the Defendants in this case caused them emotional injuries. Having failed to allege the facts necessary to plead a plausible case of negligent infliction of emotional distress, this claim must be dismissed.

### D. Count V – Defamation

Defendant Detmer argues that Plaintiffs' pleadings fail to state a claim of defamation because they do not identify any specific statements made by Detmer. Under Missouri law, to state a claim for defamation a plaintiff must plead "1) publication, 2) of a defamatory statement, 3) that identifies the plaintiff, 4) that is false, 5) that is published with the requisite degree of fault, and 6) damages the plaintiff's reputation." *Cockram v. Genesco, Inc.*, 680 F.3d 1046, 1050 (8th Cir. 2012) (quoting *Missouri ex rel. BP Prods. N. Am. Inc. v. Ross*, 163 S.W.3d 922, 929 (Mo. 2005) (en banc)). "[A] claim for defamation will survive a motion to dismiss if the communication alleged in the petition, together with matters of inducement and innuendo alleged in the petition, is capable of a defamatory meaning." *Klein v. Victor*, 903 F. Supp. 1327, 1330 (E.D. Mo. 1995) (citations omitted).

Plaintiffs allege in their complaint only that Defendant "orally communicat[ed] false, defamatory, and reckless statements to third-parties, including, but not limited to, Defendants, Defendant's employees, and the public about any allegations against Plaintiff Maria P. Brown." Doc. 50, ¶ 80. Plaintiffs did not identify any specific statements that may have been made against

8

Plaintiff Brown, nor have they provided any legal argument to support the sufficiency of the pleading of this claim. A pleading is insufficient if it provides only "naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted) (internal quotation marks omitted). Without any factual support, Plaintiffs have not pleaded a plausible claim of defamation. Accordingly, this claim must also be dismissed.

### E. Count VI – Malicious Prosecution

Defendant Detmer argues that Plaintiffs have not sufficiently pleaded the elements required to prove a claim of malicious prosecution. Under Missouri law, to state a claim for malicious prosecution a plaintiff must plead "1) commencement of an earlier suit against plaintiff; 2) instigation of the suit by defendant; 3) termination of the suit in plaintiff's favor; 4) lack of probable cause for the suit; 5) malice by defendant in instituting the suit; and 6) damage to plaintiff resulting from the suit." *Zike v. Advance Am., Cash Advance Centers of Missouri, Inc.*, 646 F.3d 504, 509 (8th Cir. 2011) (quoting *State ex rel. Police Ret. Sys. of St. Louis v. Mummert*, 875 S.W.2d 553, 555 (Mo.1994) (en banc)).

Plaintiffs allege that Detmer "instituted one or more legal proceeding(s) against Plaintiff in which complaints were made, by Defendant without probable cause and with malice." Doc. 50. at ¶ 84. Plaintiffs do not identify any particular lawsuit brought by Detmer against Plaintiffs, nor do they provide any further support for the allegations that Defendant brought these proceedings without probable cause and with malice. Even if the entirety of this allegation is taken as true, Plaintiffs have still failed to plead the third and sixth elements of a claim for malicious prosecution. Plaintiffs do not allege that the previous lawsuit(s) where terminated in favor of Plaintiffs, nor are there any alleged facts supporting that damages were sustained as a result of the alleged malicious

9

prosecution. Having not alleged specifics facts necessary to plead a plausible claim of malicious prosecution, this claim must be dismissed.

### F. Count VII – Violation of Substantive Due Process Rights Under 42 U.S.C. § 1983

Defendant argues that Plaintiffs have not pleaded sufficient facts to support any of the required elements necessary to state a claim for violation of due process rights under 42 U.S.C. § 1983. To state a constitutional claim under § 1983 a plaintiff must plead "(1) that the defendant acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right." *L.L. Nelson Enterprises, Inc. v. Cty. of St. Louis, Mo.*, 673 F.3d 799, 805 (8th Cir. 2012) (citation omitted). The right to substantive due process does not apply to private actors, but to state actors. *See Deshaney v. Winnebago Cty. Dep't. of Social Servs.*, 489 U.S. 189, 195 (1989) ("[N]othing in the language of the Due Process Clause . . . requires the State to protect the life, liberty, and property of its citizens against invasion by private actors".) To make a showing that defendant was "acting under color of state law," plaintiff must plead specific facts showing that the defendant "exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Lee ex rel. Lee v. Borders*, 764 F.3d 966, 971 (8th Cir. 2014) (quoting *Roe v. Humke*, 128 F.3d 1213, 1215–16 (8th Cir.1997)). As to the second element, a plaintiff "must demonstrate that a fundamental right was violated and that the conduct shocks the conscience." *Hughes v. City of Cedar Rapids, Iowa*, 840 F.3d 987, 995 (8th Cir. 2016) (citation omitted).

Plaintiffs in their complaint allege that Detmer acted both individually and in her professional capacity against Plaintiff, but do not plead any specific facts to show that Detmer is a state actor, that she was acting under color of state law, or that her employer is a state actor. Plaintiffs instead assert that Detmer "used her professional capacity and connections to gain

10

information about court proceedings and investigations in which she has relayed to her brother in an attempt to alter court proceedings and investigations," Doc. 50, at ¶ 60.d., but they provide no specific facts showing how these actions relate to any state action or authority. Without having pleaded sufficient facts supporting the assertion that Detmer was acting in an official capacity and not merely as a private actor, there is no factual support for a reasonable inference that Detmer was acting under color of state law.

Even if shown that Detmer acted under color of state law, Plaintiffs have also failed to plead that Detmer deprived Plaintiffs of a constitutionally protected right through conduct that "shocks the conscience." The complaint provides only conclusory statements that the actions and inaction of the Defendants "constitute a failure to protect Plaintiffs from an unreasonable risk of harm," and that these actions are "contrary to law and are substantial departures from any accepted professional judgement." Doc. 50, at ¶ 89–90. The pleadings do not provide any specific acts that were taken by Detmer, only that she used her "professional capacity and connections" to gain information to provide to her brother. There is no factual basis supporting how these unspecified acts would rise to the level of shocking the conscious.

Plaintiffs did not oppose these issues in their response to Defendant's motion. Having failed to allege the facts necessary to plead either element of a § 1983 claim, this claim must be dismissed.

**G. Count VIII – Violation of Procedural Due Process Rights Under 42 U.S.C. § 1983**

Defendant Detmer argues that Plaintiffs have not pleaded sufficient facts to support a claim for violation of procedural due process rights under 42 U.S.C. § 1983. As with Plaintiffs' claim for violation of substantive due process rights, because Plaintiffs' complaint failed to allege

sufficient facts to support a reasonable inference that Detmer acted under color of state law as required to bring a claim under § 1983, this claim must also be dismissed.

## IV. Conclusion

For the reasons discussed above, Defendant Detmer's motion to dismiss is GRANTED. The complaint against Defendant Melissa Detmer is dismissed without prejudice.

/s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: December 10, 2019
Jefferson City, Missouri