# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

MARIA PYUL BROWN, ET AL.,

    Plaintiffs,

v.

GREAT CIRCLE, ET AL.,

    Defendants.

Case No. 2:19-cv-04135-NKL

## ORDER

Defendants Latoya Gatewood, Jennifer Tidball, and David Kurt move to dismiss Plaintiffs' Second Amended Complaint, for failure to state a claim pursuant to Rule 12(b)(6), for lack of subject matter jurisdiction, and due to claims being barred under the doctrines of official immunity and qualified immunity. Doc. 55. Plaintiffs' complaint alleges eight counts, including seven counts against Gatewood and three counts against Tidball and Kurt. These claims include counts of Conspiracy, Tortious Interference with Parental Relationship, Negligent Infliction of Emotional Distress, Defamation, Malicious Prosecution, and Violation of Substantive and Procedural Due Process Rights under 42 U.S.C. § 1983. Doc. 50. Plaintiffs' claims arise out of an alleged conspiracy between the Defendants to interfere with the parental relationship between Maria Brown and her son, P.A.T., a minor. For the reasons set forth below, the motion to dismiss is GRANTED.

## I. Alleged Facts

Plaintiffs state that Defendant Latoya Gatewood is an employee of the Missouri Department of Social Services Children's Division who conducted an investigation as part of Plaintiffs' child custody case. Doc. 50, at ¶¶ 9, 28.h. Plaintiffs allege that "Defendants Turner

and/or Detmer worked in coordination with and/or leveraged, threatened, and intimidated Defendant Gatewood into conducting the investigation and making findings consistent with what Defendants Turner and Detmer wanted in the results: to harm, destroy, and/or interfere with Plaintiffs' rights." *Id.*, at ¶ 38.f. Plaintiffs question the validity of Gatewood's investigation, alleging that her "investigation into the matter for Children's Division has been shown to be untrue, incorrect, and biased in favor of the Detmer-Turner family" and that ultimately, she adopted "the Turner family's strategy of simply labeling Plaintiff Maria Brown as mentally unhealthy and unstable." *Id.*, at ¶ 39. Plaintiffs further allege that, as part of her improper investigation, Gatewood "even went so far [as] to write and report a baseless affidavit to the Boone County Juvenile Officer, and Defendant Gatewood and consequently her employer and/or supervisors ignored the statements of Plaintiff P.A.T., among other matters." *Id.*, at ¶ 38.h.

Plaintiffs also state that Defendant Jennifer Tidball is the Acting Director of the Missouri Department of Social Services, *Id.*, at ¶ 10, and that Defendant David Kurt is the Director of the Missouri Department of Social Services Children's Division. *Id.*, at ¶ 11. Plaintiffs allege that the "policies and practices" of Tidball and Kurt, "in their official capacities, constitute a failure to meet the affirmative duty to protect the Plaintiff and her child from an unreasonable risk of harm." *Id.*, at ¶ 88.

**II.     Standard**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim has facial plausibility when its allegations rise above the "speculative" or "conceivable," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007), and

2

where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Such a complaint will be liberally construed in the light most favorable to the plaintiff. *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

## III. Discussion

### A. Count I – Conspiracy

Defendants Gatewood, Tidball, and Kurt argue that Plaintiffs have only stated legal conclusions and have therefore not sufficiently pleaded the elements required to prove a claim of conspiracy. In order to state a claim for civil conspiracy under Missouri law a plaintiff must plead that there were "(1) two or more persons, (2) an object to be accomplished, (3) a meeting of the minds on the object or course of action, (4) one or more unlawful overt acts, and (5) resulting damages." *Aguilar v. PNC Bank, N.A.*, 853 F.3d 390, 402–03 (8th Cir. 2017) (citing *Mackey v. Mackey*, 914 S.W.2d 48, 50 (Mo. Ct. App. 1996)).

Plaintiffs' pleadings assert that there were multiple individuals working towards the joint goal of interfering with Social Services investigations to affect the custody determinations which resulted in the claimed harm to Brown's parental relationship with her child. What is not alleged in the pleadings other than through conclusory legal statements, however, is what actions Defendants actually took and whether any of those actions were done in furtherance of a conspiracy. To show that a meeting of the minds occurred, Plaintiffs must show that the alleged conspirators had "a unity of purpose or a common design and understanding." *Rosemann v. St. Louis Bank*, 858 F.3d 488, 500 (8th Cir. 2017) (citation omitted). Though Plaintiffs allege that Gatewood, Tidball, and Kurt may have colluded with the other Defendants for a common goal,

3

Plaintiffs did not specifically plead that there was coordination between the Defendants, nor are there facts that would show there was any coordination between these parties.

Even if Plaintiffs were to succeed in establishing that there was a meeting of the minds, Plaintiffs have not asserted facts which could support a finding that the underlying alleged actions taken by these Defendants were unlawful. Plaintiffs complaint offered only conclusory statements as to the unlawfulness of the actions allegedly committed by Defendants as part of the conspiracy. These claimed actions include Gatewood's biasing of her investigation and the filing of a false affidavit against Plaintiff Brown, as well as harm resulting from Tidball and Kurt's improper "policies and practices,". In each instance, these alleged actions are not followed with any specific assertions which could show what specific actions each Defendant took and why those actions were unlawful. *See* Doc. 50, at ¶¶ 31, 32, 60.d. Without any specific facts stating what actions Defendants took, there is insufficient basis to infer that they took any unlawful action. Without some factual context, the claim is not plausible.

Having not pleaded the facts necessary to plead that Defendants Gatewood, Tidball, and Kurt were aware of the conspiracy to interfere with Plaintiffs' parental relationship, Plaintiff cannot prove a claim of conspiracy. This claim must therefore be dismissed.

### B. Count II – Tortious Interference with Parental Relationship

This claim is brought against Defendant Gatewood. Gatewood argues that a claim of tortious interference with parental relationship fails in a case such as this where there are no specific facts alleged against Defendant and where the claimed interference was not accomplished by the abduction of the child.

Plaintiffs rely on *Kramer v. Leineweber*, 642 S.W.2d 364 (Mo. App. S.D. 1982) to assert this claim against Defendants for their alleged involvement in a conspiracy that resulted in

interference of the parental relationship between Brown and her child.[1] But in *Meikle v. Van Biber*, the court expressly limited *Kramer*, and held that "Missouri case law has only allowed recovery in damages for interference with a parent's right to custody of a minor child where it was alleged and proved that the tort committed was accomplished by abduction of the child." *Meikle v. Van Biber*, 745 S.W.2d 714, 715 (Mo. App. W.D. 1987). Plaintiffs supported their claim using only case law consistent with this limitation. See *Kramer v. Leineweber*, 642 S.W.2d 364 (Mo. App. S.D. 1982) (involving abduction of a child); *Kipper v. Vokolek*, 546 S.W.2d 521 (Mo. App. 1977) (applying the cause of action only where a child has been abducted or induced not to return to the custodial parent); *Rosefield v. Rosefield*, 221 Cal. App.2d 431 (Cal. App. 1963) (involving abduction); *Brown v. Brown*, 61 N.W.2d 656 (Mich. 1953) (same).

As above, Plaintiffs have not specifically pleaded facts to support that Gatewood interfered with Plaintiffs' parental relationship either directly or through a conspiracy. But even if such interference were established, Plaintiffs have asserted that Brown has been limited in her parental relationship due to an allegedly inappropriate custody order, not through the abduction or physical removal of the child. Having not alleged specifics facts necessary to plead a plausible claim of tortious interference with parental relationship, this claim must be dismissed.

### C. Count III – Negligent Infliction of Emotional Distress

This claim is brought against Defendant Gatewood. Gatewood argues that Plaintiffs have not sufficiently pleaded the elements required to prove a claim of negligent infliction of emotional

---

1. Plaintiffs cite as additional support Restatement (Second) of Torts § 700. Reliance on this is also inapt as § 700 defines a cause of action for "[o]ne who, with knowledge that the parent does not consent, abducts or otherwise compels or induces a minor child to leave a parent legally entitled to its custody or not to return to the parent after it has been left him, is subject to liability to the parent." Restatement (Second) of Torts § 700. As above, Plaintiffs have not pleaded such a claim.

distress. Under Missouri law, to state a claim for intentional infliction of emotional distress a plaintiff must plead (1) a legal duty of the defendant to protect the plaintiff from injury, (2) a breach of that duty, (3) proximate cause, (4) injury to plaintiff, (5) that the defendant "should have realized that his conduct involved an unreasonable risk of causing distress," and (6) that "the emotional distress or mental injury must be medically diagnosable and must be of sufficient severity so as to be medically significant." *Couzens v. Donohue*, 854 F.3d 508, 518 (8th Cir. 2017) (quoting *Thornburg v. Fed. Express Corp.*, 62 S.W.3d 421, 427 (Mo. Ct. App. 2001)).

Plaintiffs allege generally that they suffered emotional distress and emotional hardship as a result of the Defendants' actions. Plaintiffs, however, have not specifically identified what the actions taken by Defendant Gatewood were, nor have they provided support showing that those actions caused distress to Plaintiffs. Instead, the complaint includes only vague language that does not attribute responsibility to any particular defendant. *See e.g.*, Doc. 50, ¶ 71.c. (alleging that Plaintiffs endured "[c]onsistent and/or repeated harassment and/or angry and/or hostile conduct by one or more of the Defendants . . . .").

Even if presumed that Gatewood was responsible for some conduct that resulted in Plaintiffs' emotional distress, this claim could not succeed because Plaintiffs did not plead that Gatewood owed a duty to Plaintiffs. The complaint asserts that Gatewood should have known that their actions were likely to breach "duties of civility, fairness, human nature . . . and/or fiduciary duties." Doc. 50, ¶ 71.e. Plaintiffs have not provided any factual basis or legal argument supporting the claim that Gatewood owed Plaintiffs a legally cognizable duty. Indeed, Plaintiffs did not oppose these issues in their response to Defendant's motion. Plaintiffs have offered only conclusory statements to support their broad assertion that at least one of the Defendants in this

case caused them emotional injuries. Having failed to allege the facts necessary to plead a plausible case of negligent infliction of emotional distress, this claim must be dismissed.

**D. Count IV – Negligent Supervision**

In making their claim for negligent supervision in their Second Amended Complaint, Plaintiffs assert that the "Missouri Department of Social Services Children's Division . . . had a duty to supervise their agents and/or employees." Doc. 50, at ¶ 74. Defendants Gatewood, Tidball, and Kurt are not listed in the caption for this count, but to the extent Plaintiffs intended to include Tidball and Kurt in their claim of negligent supervision, Plaintiffs have not pleaded the facts necessary to make this claim. Under Missouri law, to state a prima facie case of negligent supervision a plaintiff must plead "(1) a legal duty on the part of the defendant to use ordinary care to protect the plaintiff against unreasonable risks of harm; (2) a breach of that duty; (3) a proximate cause between the breach and the resulting injury; and (4) actual damages to the plaintiff's person or property." *Lipp v. Ginger C, L.L.C.*, No. 2:15-CV-04257-NKL, 2016 WL 1583663, at *10 (W.D. Mo. Apr. 19, 2016) (quoting *Cook v. Smith*, 33 S.W.3d 548, 553–54 (Mo. Ct. App. 2000)). The legal duty to supervise is narrowly defined, and a plaintiff must allege "the existence of a relationship between the plaintiff and defendant that the law recognizes as the basis of a duty of care." *Cook v. Smith*, 33 S.W.3d 548, 553 (Mo. App. W.D. 2000). For negligent supervision claims in the employer-employee context, Missouri adopted the Restatement (Second) of Torts § 317. *Dibrill v. Normandy Associates, Inc.*, 383 S.W.3d 77, 87 (Mo. Ct. App. 2012). According to the Restatement, a claim is established under the following circumstances:

> A master is under the duty to exercise reasonable care so to control his servant while acting outside the scope of his employment as to prevent him from intentionally harming others or from so conducting himself as to create an unreasonable risk of bodily harm to them if (a) the servant (i) is upon the premises in possession of the master or upon which the servant is privileged to enter only as his servant, or (ii) is using a chattel of the master, and (b) the master (i) knows or has reason to know

> that he has the ability to control his servant, and (ii) knows or should know of the necessity and opportunity for exercising such control.

Restatement (Second) of Torts § 317 (1965). Missouri courts interpret these elements to "require evidence that would cause the employer to foresee that the employee would create an unreasonable risk of harm outside the scope of his employment." *Reed v. Kelly*, 37 S.W.3d 274, 278 (Mo. Ct. App. 2000). Plaintiffs must allege that past acts should have led the employer to foresee the employee's conduct. *Id.*

Plaintiffs assert that the Defendants "had a duty to supervise their agents and or employees." Doc. 50, ¶ 74. Plaintiffs further assert that the Defendants "breached this duty to Plaintiffs by repeatedly, consistently and continuously allowing their agents and/or employees to use their resources connected with their employment to gain information and ultimately interfere with investigations concerning the Plaintiff's minor child and the Plaintiff's relationship with her child." Doc. 50, ¶ 75. There are no factual allegations that it was foreseeable for Tidball or Kurt that its agents or employees would cause Plaintiffs unreasonable harm, and Plaintiffs have not provided specific factual or legal support for the existence of a plausible duty of care owed by either Tidball or Kurt. Without pleading an essential element of a plausible claim for negligent supervision, this claim must also be dismissed.

### E. Count V – Defamation

This claim is brought against Defendant Gatewood. Gatewood argues that Plaintiffs' pleadings fail to state a claim of defamation because they do not identify any specific statements made by Gatewood. Under Missouri law, to state a claim for defamation a plaintiff must plead "1) publication, 2) of a defamatory statement, 3) that identifies the plaintiff, 4) that is false, 5) that is published with the requisite degree of fault, and 6) damages the plaintiff's reputation." *Cockram v. Genesco, Inc.*, 680 F.3d 1046, 1050 (8th Cir. 2012) (quoting *Missouri ex rel. BP Prods. N. Am.*

*Inc. v. Ross*, 163 S.W.3d 922, 929 (Mo. 2005) (en banc)). "[A] claim for defamation will survive a motion to dismiss if the communication alleged in the petition, together with matters of inducement and innuendo alleged in the petition, is capable of a defamatory meaning." *Klein v. Victor*, 903 F. Supp. 1327, 1330 (E.D. Mo. 1995) (citations omitted).

Plaintiffs allege in their complaint only that Defendant "orally communicat[ed] false, defamatory, and reckless statements to third-parties, including, but not limited to, Defendants, Defendant's employees, and the public about any allegations against Plaintiff Maria P. Brown." Doc. 50, ¶ 80. Plaintiffs did not identify any specific statements that may have been made against Plaintiff Brown, nor have they provided any legal argument to support the sufficiency of the pleading of this claim. A pleading is insufficient if it provides only "naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted) (internal quotation marks omitted). Without any factual support, Plaintiffs have not pleaded a plausible claim of defamation. Accordingly, this claim must also be dismissed.

### F. Count VI – Malicious Prosecution

This claim is brought against Defendant Gatewood. Gatewood argues that Plaintiffs have not sufficiently pleaded the elements required to prove a claim of malicious prosecution. Under Missouri law, to state a claim for malicious prosecution a plaintiff must plead "1) commencement of an earlier suit against plaintiff; 2) instigation of the suit by defendant; 3) termination of the suit in plaintiff's favor; 4) lack of probable cause for the suit; 5) malice by defendant in instituting the suit; and 6) damage to plaintiff resulting from the suit." *Zike v. Advance Am., Cash Advance Centers of Missouri, Inc.*, 646 F.3d 504, 509 (8th Cir. 2011) (quoting *State ex rel. Police Ret. Sys. of St. Louis v. Mummert*, 875 S.W.2d 553, 555 (Mo.1994) (en banc)).

Plaintiffs include Defendant Gatewood in the caption for their claim of malicious prosecution, but do not identify any previous lawsuits brought by Gatewood against Plaintiffs. Even if the earlier child custody proceedings were treated as meeting this requirement, Plaintiffs pleadings would still fail to state this claim. Plaintiffs do not provide any factual support for the allegations that Gatewood brought these proceedings without probable cause and with malice, they do not allege that the previous lawsuit(s) where terminated in favor of Plaintiffs, nor are there any alleged facts supporting that damages were sustained as a result of the alleged malicious prosecution. Having not alleged specifics facts necessary to plead a plausible claim of malicious prosecution, this claim must be dismissed.

**G. Count VII – Violation of Substantive Due Process Rights Under 42 U.S.C. § 1983**

Defendants argue that Plaintiffs have not sufficiently pleaded the elements required to prove a claim for violation of due process rights under 42 U.S.C. § 1983. To state a constitutional claim under § 1983 a plaintiff must plead "(1) that the defendant acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right." *L.L. Nelson Enterprises, Inc. v. Cty. of St. Louis, Mo.*, 673 F.3d 799, 805 (8th Cir. 2012) (citation omitted). To make a showing that defendant was "acting under color of state law," plaintiff must plead specific facts showing that the defendant "exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Lee ex rel. Lee v. Borders*, 764 F.3d 966, 971 (8th Cir. 2014) (quoting *Roe v. Humke*, 128 F.3d 1213, 1215–16 (8th Cir.1997)). As to the second element, a plaintiff "must demonstrate that a fundamental right was violated and that the conduct shocks the conscience." *Hughes v. City of Cedar Rapids, Iowa*, 840 F.3d 987, 995 (8th Cir. 2016) (citation omitted).

Plaintiffs in their complaint fail to plead that Defendants deprived Plaintiffs of a constitutionally protected right through conduct that "shocks the conscience." The complaint provides only conclusory statements that the actions and inaction of the Defendants "constitute a failure to protect Plaintiffs from an unreasonable risk of harm," and that these actions are "contrary to law and are substantial departures from any accepted professional judgement." Doc. 50, at ¶ 89–90. The pleadings, however, do not provide factual support how for any of Defendants' alleged actions deprived Plaintiffs of a protected right and shocked the conscious. Plaintiffs stated only that Gatewood's child custody investigation was "shown to be untrue, incorrect, and biased" without describing how the investigation was false or biased. Plaintiffs state that Gatewood filed a false affidavit without providing any details about the affidavit or its falsity. And Plaintiffs state that Tidball and Kurt's policies and practices did not meet a duty to protect from unreasonable harm without discussing what those policies and practices where and how they were deficient in meeting this duty.

Plaintiffs did not oppose these issues in their response to Defendant's motion. Without more, Plaintiffs have not provided sufficient factual support to plead a § 1983 claim, and therefore this claim must be dismissed.

**H. Count VIII – Violation of Procedural Due Process Rights Under 42 U.S.C. § 1983**

Defendants Gatewood, Tidball, and Kurt argue that Plaintiffs have not pleaded sufficient facts to support a claim for violation of procedural due process rights under 42 U.S.C. § 1983. "To state a claim for procedural due process, a plaintiff must show a deprivation of life, liberty, or property without sufficient process." *In re Kemp*, 894 F.3d 900, 908 (8th Cir. 2018) (citations omitted). Plaintiff asserts a constitutionally protected interest in the parent-child relationship, and a substantial liberty interest in being "free from the unnecessary and inappropriate administration

of Defendant organizations (especially the government entities), the conduct of its employees, contractors, any other related human beings, and generally to be free from the arbitrary and capricious application of its rules, procedures, custom(s), and/or processes." Doc. 50, at 96.

But even assuming Plaintiffs have identified a constitutionally-protected interest, as with Plaintiffs' claim for violation of substantive due process rights, Plaintiffs have not alleged facts to support how the actions of Gatewood, Tidball, or Kurt have deprived Plaintiffs of this right. Accordingly, this claim must also be dismissed.

Because the Court finds that Plaintiffs have failed to state a claim upon which relief can be granted against Defendants Gatewood, Tidball, and Kurt, there is no need to determine whether they are entitled to official or qualified immunity.

## IV. Conclusion

For the reasons discussed above, Defendants Gatewood, Tidball, and Kurt's motion to dismiss is GRANTED. The complaint against Defendants Gatewood, Tidball, and Kurt is dismissed without prejudice.

/s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: December 10, 2019
Jefferson City, Missouri