# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| MARIA PYUL BROWN, ET AL., | |
| Plaintiffs, | |
| v. | Case No. 2:19-cv-04135-NKL |
| GREAT CIRCLE, ET AL., | |
| Defendants. | |

# ORDER

Defendant Joshua Turner moves to dismiss Plaintiffs' Second Amended Complaint for failure to state a claim pursuant to Rule 12(b)(6). Doc. 59. Plaintiffs' complaint alleges eight counts, including five counts against Turner for Conspiracy, Tortious Interference with Parental Relationship, Negligent Infliction of Emotional Distress, Defamation, and Malicious Prosecution. Doc. 50. Plaintiffs' claims arise out of an alleged conspiracy between the Defendants to interfere with the parental relationship between Maria Brown and her son, P.A.T., a minor. For the reasons set forth below, the motion to dismiss is GRANTED.

## I.  Alleged Facts

Plaintiffs state that Plaintiff Maria Brown and Defendant Joshua Turner are the parents of Plaintiff P.A.T., a ten-year-old child. Doc. 50, at ¶ 1, 17. Plaintiffs and Turner have litigated the custody of their child in state court, and have been subject to multiple investigations by the Children's Division of the Missouri Department of Social Services. *Id.*, at ¶ 1. Plaintiffs allege that Turner repeatedly and consistently interfered with Plaintiffs' parent-child relationship, that he has influenced the investigations by the Children's Division, and that Plaintiffs have been investigated or subject to the services of the Children's Division as a result of Turner's "incorrect, false, and/or

malicious complaints." *Id.*, at ¶¶ 28.i. (interference with parent-child relationship), 7 (interference with investigations), 2 (undue investigations or services). Plaintiffs specifically allege that Turner has made false allegations in Court documents against Brown, has manufactured evidence, and has conspired with others against Plaintiffs. Id., at ¶¶ 28.d., 44.i., 60.

Plaintiffs assert that Turner worked in coordination with Detmer with the goal to "cover up Defendant Turner's nefarious conduct, destroy his son's mother . . . and thereby save money on litigation and child support." *Id.*, at ¶ 51. The complaint asserted that "[a]ny and/or all of the Turner-Detmer family have . . . knowingly and/or unknowingly acted with reckless regard for Plaintiffs' rights, making false reports, manipulating the legal system (both judicial and administrative process, and related entities), and inter alia acting with malice toward Plaintiff Brown." *Id.*, at ¶ 26.

Specifically, the pleadings allege that Turner and Detmer "instituted one or more legal proceeding(s) against Plaintiff in which complaints were made, by Defendant without probable cause and with malice." *Id.*, at ¶ 84; that Turner has used Defendant Detmer's "past and current connections to influence the Children's Division's investigation," *Id.*, at ¶ 28.h; that Turner and Detmer "directly interfered with Court ordered custody and Plaintiffs' Constitutional Rights to a parent-child relationship," *Id.*, at 44.e.; that "Turner and/or Detmer made one or more false hotline reports," *Id.*, at ¶ 44.k.; "and that "Defendants Turner and/or Detmer worked in coordination with and/or leveraged, threatened, and intimidated Defendant Gatewood into conducting the investigation and making findings consistent with what Defendants Turner and Detmer wanted in the results." *Id.*, at ¶ 38.f.; *see also id.*, at ¶¶ 60.b., d., 66. As evidence of their allegations, Plaintiffs additionally assert that hundreds of text messages exist which illustrate that Detmer coached Defendant Turner how to address the Children's Division investigation. *Id.*, at ¶¶ 37, 38.a.

2

Plaintiffs additionally assert that Turner used Johnston Paint's business resources "to influence or otherwise alter investigations and/or reports concerning abuse of Plaintiff P.A.T. to ward custody of the child." *Id.*, at ¶¶ 7, 38.g. (alleging use of business resources including phones to discuss Social Services investigation), 44 (alleging use of time, money, and resources). The complaint added to Turner's involvement with Johnston Paint, stating that "Defendant Johnston Paint in coordination, and/or by and through Defendants Turner and Detmer used their professional capacity and connections to create a conflict of interest by obtaining personal services of law enforcement whom willing colluded with Defendant Johnston Paint to circumvent the custody court order for their employee, Defendant Joshua Turner." *Id.*, at ¶ 46.

## II. Standard

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim has facial plausibility when its allegations rise above the "speculative" or "conceivable," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007), and where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Such a complaint will be liberally construed in the light most favorable to the plaintiff. *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

## III. Discussion

### A. Count I – Conspiracy

3

Defendant Turner argues that Plaintiffs have only stated legal conclusions and have therefore not sufficiently pleaded the elements required to prove a claim of conspiracy. In order to state a claim for civil conspiracy under Missouri law a plaintiff must plead that there were "(1) two or more persons, (2) an object to be accomplished, (3) a meeting of the minds on the object or course of action, (4) one or more unlawful overt acts, and (5) resulting damages." *Aguilar v. PNC Bank, N.A.*, 853 F.3d 390, 402–03 (8th Cir. 2017) (citing *Mackey v. Mackey*, 914 S.W.2d 48, 50 (Mo. Ct. App. 1996)).

Plaintiffs' pleadings assert that there were multiple individuals working towards the joint goal of interfering with Social Services investigations to affect the custody determinations which resulted in the claimed harm to Brown's parental relationship with her child. What is not alleged in the pleadings other than through conclusory legal statements, however, is what specific actions Turner actually took and whether any of those actions were done in furtherance of a conspiracy. To show that a meeting of the minds occurred, Plaintiffs must show that the alleged conspirators had "a unity of purpose or a common design and understanding." *Rosemann v. St. Louis Bank*, 858 F.3d 488, 500 (8th Cir. 2017) (citation omitted). Though Plaintiffs allege that Turner may have colluded with the Defendants for a common goal, Plaintiffs did not specifically plead that there was coordination between the Defendants, nor are there facts that would show there was coordination between these parties.

Even if Plaintiffs were to succeed in establishing that there was a meeting of the minds, Plaintiffs have not asserted facts which could support a finding that the underlying alleged actions taken by Turner were unlawful. Plaintiffs complaint offered only conclusory statements as to the unlawfulness of the actions allegedly committed by Turner as part of the conspiracy. These claimed actions include Turner's being coached by Detmer on how to handle the Children's

Division investigation, use of Detmer's contacts to affect the investigation, and use of Johnston Paint resources to affect the investigation. But conclusory statements that these actions were unlawful or resulted in interference with Plaintiffs' parent-child relationship are insufficient to successfully plead that an unlawful act occurred. Without specific facts stating what actions were taken and why these acts are unlawful, Plaintiffs have not alleged that Turner or the other Defendants took any action that was forbidden to them. To the extent that Plaintiffs do allege actions that could be presumed to be unlawful, such as where Plaintiffs allege that Turner made false statements in court documents and that Turner manufactured evidence, these conclusory assertions still fail to plead a claim against Turner. Plaintiffs have not identified what the alleged false statements where or what they were regarding, nor have they asserted any details about what the alleged manufactured evidence was. A pleading is insufficient if it provides only "naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted) (internal quotation marks omitted). Without any factual support, Plaintiffs have not pleaded a plausible claim of conspiracy on these allegations. Accordingly, this claim must also be dismissed.

Plaintiffs also separately allege that "Defendant Johnston Paint in coordination, and/or by and through Defendants Turner and Detmer used their professional capacity and connections to create a conflict of interest by obtaining personal services of law enforcement whom willing colluded with Defendant Johnston Paint to circumvent the custody court order for [Defendant Turner]." Doc. 50, at ¶ 46. Here as above, Plaintiffs have not provided specific facts that show that the Defendants were aware of each other's actions and acted in coordination. Plaintiffs' pleadings do not state how the alleged creation of a "conflict of interest" rises to the level of being an unlawful act, nor do they state what this conflict was and how it relates to this case. The allegations

of collusion with law enforcement would relate to a potential separate conspiracy between Johnston Paint and those providing the law enforcement services, a claim that Plaintiffs have not argued and which is separate from the claims against Turner. The pleadings' conclusory statement that Johnston Paint may have colluded with law enforcement to "circumvent the custody court order" does not state what activity was taken, how this action circumvented the court order, whether that activity was unlawful in any way, and whether Turner was aware of this alleged collusion.

Having not pleaded the facts necessary to plead that Detmer was aware of the conspiracy to interfere with Plaintiffs' parental relationship, Plaintiff cannot prove a claim of conspiracy. This claim must therefore be dismissed.

### B. Count II – Tortious Interference with Parental Relationship

Defendant Turner argues that a claim of tortious interference with parental relationship fails in a case such as this where the claimed interference was not accomplished by the abduction of the child.

Plaintiffs rely on *Kramer v. Leineweber*, 642 S.W.2d 364 (Mo. App. S.D. 1982) to assert this claim against Turner for his alleged involvement in a conspiracy that resulted in interference of the parental relationship between Brown and her child.[1] But in *Meikle v. Van Biber*, the court expressly limited *Kramer*, and held that "Missouri case law has only allowed recovery in damages for interference with a parent's right to custody of a minor child where it was alleged and proved

---

1. Plaintiffs cite as additional support Restatement (Second) of Torts § 700. Reliance on this is also inapt as § 700 defines a cause of action for "[o]ne who, with knowledge that the parent does not consent, abducts or otherwise compels or induces a minor child to leave a parent legally entitled to its custody or not to return to the parent after it has been left him, is subject to liability to the parent." Restatement (Second) of Torts § 700. As above, Plaintiffs have not pleaded such a claim.

that the tort committed was accomplished by abduction of the child." *Meikle v. Van Biber*, 745 S.W.2d 714, 715 (Mo. App. W.D. 1987). Plaintiffs supported their claim using only case law consistent with this limitation. See *Kramer v. Leineweber*, 642 S.W.2d 364 (Mo. App. S.D. 1982) (involving abduction of a child); *Kipper v. Vokolek*, 546 S.W.2d 521 (Mo. App. 1977) (applying the cause of action only where a child has been abducted or induced not to return to the custodial parent); *Rosefield v. Rosefield*, 221 Cal. App.2d 431 (Cal. App. 1963) (involving abduction); *Brown v. Brown*, 61 N.W.2d 656 (Mich. 1953) (same).

As above, Plaintiffs have not specifically pleaded facts to support that Turner interfered with Plaintiffs' parental relationship either directly or through a conspiracy. But even if such interference were established, Plaintiffs have asserted that Brown has been limited in her parental relationship due to an allegedly inappropriate custody order, not through the abduction or physical removal of the child. Having not alleged specifics facts necessary to plead a plausible claim of tortious interference with parental relationship, this claim must be dismissed.

### C. Count III – Negligent Infliction of Emotional Distress

Defendant Turner argues that Plaintiffs have not sufficiently pleaded the elements required to prove a claim of negligent infliction of emotional distress. Under Missouri law, to state a claim for intentional infliction of emotional distress a plaintiff must plead (1) a legal duty of the defendant to protect the plaintiff from injury, (2) a breach of that duty, (3) proximate cause, (4) injury to plaintiff, (5) that the defendant "should have realized that his conduct involved an unreasonable risk of causing distress," and (6) that "the emotional distress or mental injury must be medically diagnosable and must be of sufficient severity so as to be medically significant." *Couzens v. Donohue*, 854 F.3d 508, 518 (8th Cir. 2017) (quoting *Thornburg v. Fed. Express Corp.*, 62 S.W.3d 421, 427 (Mo. Ct. App. 2001)).

7

Plaintiffs allege generally that they suffered emotional distress and emotional hardship as a result of the Defendants' actions. Plaintiffs, however, have not specifically identified what the actions taken by Defendant Turner were, nor have they provided support showing that those actions caused distress to Plaintiffs. Instead, the complaint includes only vague language that does not attribute responsibility to any particular defendant. *See e.g.*, Doc. 50, ¶ 71.c. (alleging that Plaintiffs endured "[c]onsistent and/or repeated harassment and/or angry and/or hostile conduct by one or more of the Defendants . . . .").

Even if presumed that Turner was responsible for some conduct that resulted in Plaintiffs' emotional distress, this claim could not succeed because Plaintiffs did not plead that Defendant owed a duty to Plaintiff. The complaint asserts that Defendents should have known that their actions were likely to breach "duties of civility, fairness, human nature . . . and/or fiduciary duties." Doc. 50, ¶ 71.e. While Turner concedes that he owes a duty to protect his child, he argues that the allegations by Plaintiffs in this count address only emotional distress by Plaintiff Brown. Other than the conclusory assertion that "Plaintiffs have suffered emotional distress as a result of Defendants' actions," Id., at 69, the complaint specifies only emotional hardship relating to Plaintiff Brown. See id., at 69-72. Plaintiffs have not provided any factual basis or legal argument supporting the claim that Turner owed Plaintiff Brown a legally cognizable duty. Indeed, Plaintiffs did not oppose these issues in their response to Defendant's motion. Plaintiffs have offered only conclusory statements to support their broad assertion that at least one of the Defendants in this case caused them emotional injuries. Having failed to allege the facts necessary to plead a plausible case of negligent infliction of emotional distress against Turner, this claim must be dismissed.

**D. Count V – Defamation**

Defendant Turner argues that Plaintiffs' pleadings fail to state a claim of defamation because they do not identify any specific statements made by Turner. Under Missouri law, to state a claim for defamation a plaintiff must plead "1) publication, 2) of a defamatory statement, 3) that identifies the plaintiff, 4) that is false, 5) that is published with the requisite degree of fault, and 6) damages the plaintiff's reputation." *Cockram v. Genesco, Inc.*, 680 F.3d 1046, 1050 (8th Cir. 2012) (quoting *Missouri ex rel. BP Prods. N. Am. Inc. v. Ross*, 163 S.W.3d 922, 929 (Mo. 2005) (en banc)). "[A] claim for defamation will survive a motion to dismiss if the communication alleged in the petition, together with matters of inducement and innuendo alleged in the petition, is capable of a defamatory meaning." *Klein v. Victor*, 903 F. Supp. 1327, 1330 (E.D. Mo. 1995) (citations omitted).

Plaintiffs allege in their complaint only that Defendant "orally communicat[ed] false, defamatory, and reckless statements to third-parties, including, but not limited to, Defendants, Defendant's employees, and the public about any allegations against Plaintiff Maria P. Brown." Doc. 50, ¶ 80. Plaintiffs did not identify any specific statements that may have been made against Plaintiff Brown, nor have they provided any legal argument to support the sufficiency of the pleading of this claim. Without any factual support, Plaintiffs have not pleaded a plausible claim of defamation. Accordingly, this claim must also be dismissed.

### E. Count VI – Malicious Prosecution

Defendant Turner argues that Plaintiffs have not sufficiently pleaded the elements required to prove a claim of malicious prosecution. Under Missouri law, to state a claim for malicious prosecution a plaintiff must plead "1) commencement of an earlier suit against plaintiff; 2) instigation of the suit by defendant; 3) termination of the suit in plaintiff's favor; 4) lack of probable cause for the suit; 5) malice by defendant in instituting the suit; and 6) damage to plaintiff resulting

from the suit." *Zike v. Advance Am., Cash Advance Centers of Missouri, Inc.*, 646 F.3d 504, 509 (8th Cir. 2011) (quoting *State ex rel. Police Ret. Sys. of St. Louis v. Mummert*, 875 S.W.2d 553, 555 (Mo.1994) (en banc)).

Plaintiffs allege that Turner "instituted one or more legal proceeding(s) against Plaintiff in which complaints were made, by Defendant without probable cause and with malice." Doc. 50. at ¶ 84. Plaintiffs do not identify any particular lawsuit brought by Turner against Plaintiffs, nor do they provide any further support for the allegations that Defendant brought these proceedings without probable cause and with malice. Even if the entirety of this allegation is taken as true, Plaintiffs have still failed to plead the third and sixth elements of a claim for malicious prosecution. Plaintiffs do not allege that the previous lawsuit(s) where terminated in favor of Plaintiffs, a determination not supported by the facts as the only court decision noted by Plaintiffs are pending cases and a decision allowing joint custody. Additionally, Plaintiffs have not alleged facts supporting the assertion that damages were sustained as a result of the alleged malicious prosecution. Having not alleged specifics facts necessary to plead a plausible claim malicious prosecution, this claim must be dismissed.

**IV.     Conclusion**

For the reasons discussed above, Defendant Turner's motion to dismiss is GRANTED. The complaint against Defendant Joshua Turner is dismissed without prejudice.

/s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: December 10, 2019
Jefferson City, Missouri